1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

MICHAEL GRECCO PRODUCTIONS, INC.,

Case No. 19-CV-06399-LHK

13

Plaintiff,

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**

14

v.

15

ENTHUSIAST GAMING, INC.,

16

Defendant.

Re: Dkt. No. 23

17
18

Before the Court is Plaintiff Michael Grecco Productions, Inc.'s ("Plaintiff") motion for

19

default judgment.[1]  ECF No. 23.  Because Plaintiff has not established that Defendant was

20

properly served, the Court DENIES Plaintiff's motion for default judgment without prejudice.

21

**I.       BACKGROUND**

22

**A.  Factual Background**

23

Plaintiff is a photography agency with its principal place of business in Santa Monica,

24

California.  ECF No. 1 ("Compl.") ¶ 7.  Plaintiff owns the copyrights to photographs taken by

25
26

_____

[1] Plaintiff's motion for default judgment contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion.  ECF No. 23.  Plaintiff's motion thus fails to comply with Civil Local Rule 7-2(b), which states that the notice of motion and points and authorities must be contained in one document with a combined limit of 25 pages.

27
28

United States District Court
Northern District of California

1    Michael Grecco and licenses those photographs to third parties on his behalf.  *Id.* ¶ 7.  Plaintiff's

2    business is to provide celebrity photographs to major media publications.  *Id.* ¶ 13.

3           With respect to the instant case, Plaintiff is the owner and exclusive copyright holder of a

4    promotional still photograph (the "Photograph") of actress Nana Visitor as Kira Nerys, a fictional

5    character from the television show "Star Trek: Deep Space Nine."  *Id.* ¶¶ 15–16.  Plaintiff

6    registered the Photograph in compliance with the Copyright Act and obtained a Certificate with

7    Registration No. VA 1-736-729 (eff. July 7, 2010).  *Id.* ¶ 16.

8           Defendant Enthusiast Gaming Inc. ("Defendant") is a Canadian-owned corporation doing

9    business as Destructoid, headquartered in San Francisco, California.  *Id.* ¶ 5.  According to

10   Plaintiff, Defendant uses celebrity images to drive internet traffic to its website to increase

11   advertising revenue, and a large portion of Defendant's revenue increases with the number of

12   visitors who click on its website and subsequently view featured third-party advertisements, *id.* ¶¶

13   14, 19–20.

14          Plaintiff alleges that Defendant used Plaintiff's Photograph on its website without license

15   by "prominently featuring" the Photograph to promote articles and content to increase viewership.

16   *Id.* ¶ 21.  Specifically, Plaintiff alleges that Defendant published the Photograph on October 15,

17   2017 without any authorization or permission from Plaintiff.  *Id.* ¶¶ 22–23.  Plaintiff alleges that

18   the Photograph was published on Defendant's website to accompany an article written by CJ

19   Andriessen, Defendant's features editor.  *Id.*  Plaintiff alleges that Defendant continued to display

20   the Photograph through the filing of this complaint and has only recently taken down the

21   Photograph.  *Id.* ¶ 22; ECF No. 23 ("Mot.") at 10.  Plaintiff further alleges that Defendant did not

22   pay a license fee, inquire about the availability of a license, or confirm whether the Photograph

23   had been authorized for use on Defendant's website before, during, or after its publication of the

24   Photograph.  Compl. ¶ 28; Mot. at 7.

25   **B.   Procedural History**

26          On October 7, 2019, Plaintiff filed a complaint against Defendant that alleged two claims

27   for copyright infringement and vicarious and/or contributory copyright infringement.  ECF No. 1

28
     Case No. 19-CV-06399-LHK
     ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

United States District Court
Northern District of California

1    ("Compl.") ¶¶ 29–49.  Plaintiff sought both injunctive relief and statutory damages.  *Id.* ¶ 2.  On

2    January 2, 2020, after the parties failed to file a joint case management statement, Plaintiff filed a

3    case management statement noting that "Defendant was served with the summons and complaint,

4    by substitute service, on November 11, 2019," but that Defendant had not "appeared, answered, or

5    otherwise responded to the complaint, and plaintiff's counsel ha[d] not been contacted by any

6    counsel purporting to represent defendant."  ECF No. 10.

7         On January 3, 2020, the Court ordered Plaintiff to file proof of service.  ECF No. 12.  On

8    January 3, 2020, Plaintiff filed a proof of service indicating that Plaintiff served Bill Doe, an

9    "employee at Earth Class mail," in person on October 10, 2019 and by mail on October 14, 2019.

10   ECF No. 13.

11        That same day, the Court ordered Plaintiff to file a statement that explained (1) why

12   service on Bill Doe was proper, and (2) why Plaintiff previously stated that Defendant was served

13   on November 11, 2019 when the proof of service stated that Defendant was served on October 10,

14   2019 and October 14, 2019.  ECF No. 14.  On January 5, 2020, Plaintiff filed a statement in

15   response to the Court's order regarding service.  ECF No. 15 ("Response").  Plaintiff addressed

16   service of process under California Code of Civil Procedure Section 415.20(a) and explained that

17   service of the summons and complaint did in fact occur on October 10, 2019 and October 14,

18   2019, as indicated by the filed proof of service.  *Id.* at 2–3.

19        On February 8, 2020, Plaintiff moved for entry of default against Defendant.  ECF No. 18.

20   On February 11, 2020, the Clerk entered default against Defendant.  ECF No. 19.

21        On April 7, 2020, Plaintiff filed the instant motion for default judgment.  ECF 23 ("Mot.").

22   Because Plaintiff did not address service of process in the motion for default judgment, the Court

23   relies on Plaintiff's explanation of why service is proper as found in the Response filed on January

24   5, 2020.  Response at 1–2.

25   **II.    LEGAL STANDARD**

26        Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default

27   judgment when the Clerk, under Rule 55(a), has previously entered a party's default.  Fed. R. Civ.

Case No. 19-CV-06399-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

United States District Court
Northern District of California

P. 55(b).  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Once the Clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages.  *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."); *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *Philip Morris USA v. Castworld Prods.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[B]y defaulting, Defendant is deemed to have admitted the truth of Plaintiff's averments.").  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris*, 219 F.R.D. at 498.

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III.   DISCUSSION

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).  In order to avoid the entry of an order of default judgment that may subsequently be attacked as void, the Court must determine whether jurisdiction over the instant case exists.

Case No. 19-CV-06399-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

United States District Court
Northern District of California

1    The Court begins with subject matter jurisdiction and then proceeds to personal

2    jurisdiction.  For the Court to exercise personal jurisdiction over a defendant, the defendant must

3    also have been served in accordance with Federal Rule of Civil Procedure 4.  Accordingly, the

4    Court then turns to service of process.  Because the Court concludes that Plaintiff has not

5    established that service was proper, the Court need not address the *Eitel* factors.  *Produce v.*

6    *California Harvest Healthy Foods Ranch Mkt.*, No. C-11-04814-DMR, 2012 WL 259575, at *5

7    (N.D. Cal. Jan. 27, 2012) ("Because the court finds that the summons and complaint were not

8    properly served on either Defendant, it need not engage in an analysis of the *Eitel* factors.").

9    **1.  Subject Matter Jurisdiction**

10    Here, Plaintiff brings this action pursuant to federal law, namely the Copyright Act of

11    1976, 17 U.S.C. § 101, *et seq*.  Therefore, the Court is satisfied that the Court has subject matter

12    jurisdiction pursuant to 28 U.S.C. § 1331.  28 U.S.C. § 1331 ("The district courts shall have

13    original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

14    United States.").  The Court proceeds to consider whether the Court possesses personal

15    jurisdiction over Defendant.

16    **2.  Personal Jurisdiction**

17    "The party seeking to invoke the court's jurisdiction bears the burden of establishing that

18    jurisdiction exists."  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v.*

19    *Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  Personal jurisdiction over an out-of-

20    state defendant is appropriate if the relevant state's long-arm statute permits the assertion of

21    jurisdiction without violating federal due process.  *Schwarzenegger v. Fred Martin Motor Co.*, 374

22    F.3d 797, 800–01 (9th Cir. 2004).  California's long arm statute, Cal. Civ. Proc. Code § 410.10, is

23    co-extensive with federal due process requirements, and therefore the jurisdictional analyses under

24    California law and federal due process merge into one.  *See* Cal. Civ. Proc. Code § 410.10 ("[A]

25    court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of

26    this state or of the United States."); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223

27    (9th Cir. 2011) ("California's long-arm statute . . . is coextensive with federal due process

28

United States District Court
Northern District of California

5

1   requirements, so the jurisdictional analyses under state law and federal due process are the

2   same.").

3          For a court to exercise personal jurisdiction over a defendant consistent with due process,

4   that defendant must have "certain minimum contacts" with the relevant forum "such that the

5   maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

6   *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457,

7   463 (1940)).  In addition, "the defendant's 'conduct and connection with the forum State' must be

8   such that the defendant 'should reasonably anticipate being haled into court there.'"  *Sher v.*

9   *Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v.*

10  *Woodson*, 444 U.S. 286, 297 (1980)).

11         A court may exercise either general or specific jurisdiction over a defendant.  *Ziegler v.*

12  *Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).  In the instant case, the Court concludes that

13  the exercise of general jurisdiction is appropriate.

14         General jurisdiction exists when a defendant is physically present or when a defendant's

15  activities in the state are "continuous and systematic" such that the contacts approximate physical

16  presence in the forum state.  *See Schwarzenegger*, 374 F.3d at 801 (citation omitted).  "With

17  respect to a corporation, the place of incorporation and principal place of business are 'paradig[m]

18  . . . bases for general jurisdiction.'"  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation

19  omitted).  A corporation's principal place of business "refers to the place where a corporation's

20  high level officers direct, control, and coordinate the corporation's activities, *i.e.,* its "nerve

21  center," which will typically be found at its corporate headquarters."  *Hertz Corp. v. Friend*, 559

22  U.S. 77, 78 (2010).

23         Here, Plaintiff alleges that Defendant's principal place of business is in San Francisco,

24  California.  Compl. ¶¶ 5, 9.  Specifically, Plaintiff alleges that Defendant's principal and only

25  official place of business is at 548 Market Street, San Francisco, California.  Response at 2–3.  On

26  this basis, the Court finds that Defendant has "substantial" and "continuous and systematic"

27  contacts with California as well as a "physical presence" in California that support the Court's

28

6

1    exercise of general personal jurisdiction.  *See Schwarzenegger*, 374 F.3d at 801

2    (general jurisdiction exists where a defendant has "continuous and systematic general business

3    contacts . . . that approximate physical presence in the forum state" (citations omitted)); *see also*

4    *Golden West Veg, Inc. v. Bartley*, No. 16-CV-03718-LHK, 2017 WL 2335602, at *4 (N.D. Cal.

5    May 30, 2017) (finding Plaintiff established personal jurisdiction for purposes of default judgment

6    by alleging that Defendant had a principal place of business in Salinas, California).

7              Accordingly, Defendant is subject to this Court's general jurisdiction.

8         **3.  Service of Process**

9              Finally, for the Court to properly exercise personal jurisdiction over a defendant, the

10   defendant must have been served in accordance with Federal Rules of Civil Procedure.  *See*

11   *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in

12   accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal

13   jurisdiction." (footnote omitted)); *see also Pension Tr. Fund for Operating Eng'rs v. Kickin*

14   *Enters.*, 2012 WL 6711557, at *3 (N.D. Cal. Dec. 20, 2012) ("[W]here entry of default judgment

15   is requested, the Court must determine whether service of process was adequate.").

16            Under the Federal Rules of Civil Procedure, a domestic or foreign corporation must be

17   served in a judicial district of the United States and may be served by "following state law for

18   serving a summons in an action brought in courts of general jurisdiction in the state where the

19   district court is located or where service is made."  Fed. R. Civ. P. 4(h)(1), 4(e)(1).

20            In the instant case, Plaintiff asserts that he properly served Defendant pursuant to

21   California Code of Civil Procedure Section 415.20(a).  Response at 2.  California Code of Civil

22   Procedure Section 415.20(a) requires (1) that a copy of the summons and complaint be left during

23   usual office hours at the company's office; (2) that the summons and complaint be left "with the

24   person who is apparently in charge thereof"; and (3) that after the summons and complaint are left,

25   a copy of the summons and complaint be mailed with prepaid postage "to the person to be served

26   at the place where a copy of the summons and complaint were left."  Cal. Civ. Proc. Code §

27   415.20(a).

28

United States District Court
Northern District of California

7

1       As to the first element, Plaintiff filed a proof of service indicating that substitute service

2   was effectuated on "Bill Doe, Employee at Earth Class mail" at 548 Market Street, San Francisco,

3   California at 12:15 p.m. on October 10, 2019.  ECF No. 13.  Though Earth Class mail is a private

4   post office box rental store, under Section 415.20, defendants may be properly served at such

5   "private post office box rental store[s]."  *Hearn v. Howard*, 177 Cal. App. 4th 1193, 1202 (2009);

6   *Sweeting v. Murat*, 221 Cal. App. 4th 507, 513 (2013) ("[S]ervice at a private or commercial post

7   office box is allowed [pursuant to Section 415.20]." (citation omitted)); *Painaway Australia Pty*

8   *Ltd. Acn 151 146 977 v. Natures Investments Holding Pty Ltd.*, No. 15-CV-03276-DMR, 2016

9   WL 304780, at *4 (N.D. Cal. Jan. 26, 2016) ("[S]ubstitute service at a private post office box

10  rental store may constitute sufficient service under section 415.20 . . . .").  As such, Plaintiff has

11  established that a copy of the summons and complaint were left during usual office hours at the

12  company's office.

13      As to the second element, Plaintiff indicates that Bill Doe is "authorized to accept mail and

14  deliveries" on Defendant's behalf.  ECF No. 13.  Indeed, this is sufficient under California law, as

15  "[t]he purpose of section 415.20 was achieved by service on the clerk at the post office box store

16  where [defendant] rented a post office box."  *Hearn*, 177 Cal. App. 4th at 1203.  Therefore,

17  Plaintiff has established that the summons and complaint were left with the person who was

18  apparently in charge of Defendant's office.

19      As to the third element, however, Plaintiff has only noted that a copy of the summons and

20  complaint were mailed to Defendant on October 14, 2019.  ECF No. 13.  Section 415.20(a)

21  "requires that [the] mailing include 'postage prepaid to the person to be served.'"  *Harrington v.*

22  *Equity Asset & Prop. Mgmt., Inc.*, No. 18-CV-00216-GPC-NLS, 2018 WL 7077177, at *2 (S.D.

23  Cal. Oct. 15, 2018).  Nowhere in the proof of service or in any filings has Plaintiff argued that

24  prepaid postage was included in mailing the summons and complaint to Defendant.  As a result,

25  there is not enough evidence in the record to persuade the Court that Defendant has been properly

26  served under Section 415.20(a).

27

28

8

Case No. 19-CV-06399-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

United States District Court
Northern District of California

1    Even if Plaintiff had fulfilled Section 415.20(a)'s three requirements, that would not be

2    sufficient to properly serve a corporation by substitute service. *Long v. McAfee*, No. 19-CV-

3    00898-DAD-SAB, 2019 WL 5536228, at *11 (E.D. Cal. Oct. 25, 2019) (finding that proofs of

4    service failed to satisfy the requirements of substitute service under California Code of Civil

5    Procedure Section 415.20 because they did not comply with California Code of Civil Procedure

6    Sections 417.10(a) and 412.30); *Harrington*, 2018 WL 7077177, at *2–3 (same).

7    In addition to fulfilling Section 415.20(a)'s three requirements, Plaintiff is also required to

8    satisfy California Code of Civil Procedure Sections 417.10(a) and 412.30 in order for substitute

9    service to be proper.  In the instant case, Plaintiff has failed to satisfy these additional statutory

10   requirements.  First, Plaintiff has not provided an "affidavit of the person making the service" as

11   required under California Code of Civil Procedure Section 417.10(a).  Second, Plaintiff's affidavit

12   and summons did not include a notice as required by California Code of Civil Procedure Section

13   412.30.  The Court addresses each in turn.

14   First, under California Code of Civil Procedure Section 417.10(a), when a corporation is

15   served under Section 415.20, "[p]roof that a summons was served . . . shall be made . . . by the

16   affidavit of the person making the service showing the time, place, and manner of service and facts

17   showing that the service was made in accordance with this chapter."  Cal. Civ. Proc. Code §

18   417.10.  In other words, Section 417.10 requires that Plaintiff show proof that a summons was

19   served by providing an "affidavit of the person making the service."  *Id*.  In the instant case,

20   Plaintiff entirely fails to address whether he properly complied with Section 417.10(a)'s

21   requirement.  *See* Response at 1–2.  In fact, Plaintiff has presented the Court with no such

22   affidavit.

23   Second, this affidavit must show that "the notice required by Section 412.30 appeared on

24   the copy of the summons served, if in fact it did appear."  Cal. Civ. Proc. Code § 417.10.

25   California Code of Civil Procedure Section 412.30 requires that a copy of the summons to be

26   served contain a notice "stating in substance: 'To the person served: You are hereby served in the

27   within action (or special proceeding) on behalf of [the corporation being served] as a person upon

28

Case No. 19-CV-06399-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

United States District Court
Northern District of California

1    whom a copy of the summons and of the complaint may be delivered to effect service on said

2    party under the provisions of [Sections 415.20(a) and 417.10(a)].'"  Cal. Civ. Proc. Code § 412.30.

3    "If such notice does not appear on the copy of the summons served, no default may be taken

4    against such corporation or unincorporated association or against such person individually, as the

5    case may be."  *Id.*

6         In the instant case, Plaintiff fails to address whether he complied with Section 412.30.

7    Indeed, Plaintiff failed to file an affidavit claiming as much, and Plaintiff also does not allege that

8    the copy of the summons served included the notice required under Section 412.30.  As a result,

9    "no default may be taken" against Defendant.  Cal. Civ. Proc. Code § 412.30.

10        In this way, the instant case is on all fours with *Harrington v. Equity Asset & Property*

11   *Management, Inc.*, No. 18-CV-00216-GPC-NLS, 2018 WL 7077177 (S.D. Cal. Oct. 15, 2018).

12   There, the plaintiff moved for default judgment against a corporation in a copyright infringement

13   suit.  The court, however, denied the plaintiff's motion due to improper service under California

14   Code of Civil Procedure Sections 415.20(a), 417.10(a), and 412.30.  First, the plaintiff failed to

15   show "any evidence that prepaid postage was included in mailing the summons and complaint to

16   [the defendant]."  *Id.* at *2.  Second, the plaintiff failed to allege that the notice required under

17   California Code of Civil Procedure Section 412.30 was included on the summons served.  *Id.* at

18   *3.  Third, the plaintiff failed to point the court to the existence of any "affidavit of the person

19   making the service" as required under California Code of Civil Procedure Section 417.10.  *Id.*

20        These three service deficiencies are also present in the instant case and similarly persuade

21   the Court that Plaintiff has not sufficiently established that Defendant was properly served

22   according to California state law.  Accordingly, the Court finds that service was not proper.

23   Because "[f]ailed service cannot support the entry of a default judgment," the Court DENIES

24   Plaintiff's motion for default judgment without prejudice.  *Heifetz v. Breed Properties*, No. 16-

25   CV-1490-CRB, 2017 WL 713303, at *3 (N.D. Cal. Feb. 23, 2017) (citing *Mason v. Genisco Tech.*

26   *Corp.*, 960 F.2d 849, 851 (9th Cir. 1992)).

27

28

Case No. 19-CV-06399-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

United States District Court
Northern District of California

1    Nonetheless, the Court affords Plaintiff an additional opportunity to demonstrate that he is

2   entitled to default judgment.  Within 30 days of this Order, Plaintiff shall file declarations and

3   affidavits to demonstrate that the purported October 10, 2019 service complied with the

4   requirements of California Code of Civil Procedure Sections 415.20(a), 417.10(a), and 412.30.

5   Plaintiff shall also file a renewed motion for default judgment within this 30-day deadline.

6    If, however, Plaintiff knows that the purported October 10, 2019 service did not comply

7   with California state law, Plaintiff may instead within 30 days of this Order file a notice with the

8   Court and propose a schedule for promptly serving Defendant in compliance with California state

9   law.  If Plaintiff properly serves Defendant and Defendant still fails to defend against this suit,

10   Plaintiff may again move for entry of default and default judgment.

11   **IV.    CONCLUSION**

12    For the foregoing reasons, the Court DENIES Plaintiff's motion for default judgment

13   without prejudice.  Within 30 days of this Order, Plaintiff shall either (1) file a new motion for

14   default judgment with the proper declarations and affidavits or (2) file a notice with a proposed

15   schedule for promptly serving Defendant in compliance with California state law.  If Plaintiff fails

16   to file a new motion for default judgment within 30 days, fails to cure the deficiencies identified in

17   this Order, or fails to file a notice with a proposed service schedule within 30 days, the Court shall

18   dismiss the instant case with prejudice.

19   **IT IS SO ORDERED.**

20

21   Dated: July 22, 2020

22                                                                    *Lucy H. Koh*
                                                                       _____
23                                                                    LUCY H. KOH
                                                                       United States District Judge
24

25

26

27

28
     Case No. 19-CV-06399-LHK
     ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE