UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ENTHUSIAST GAMING, INC., <br><br> Defendant. | Case No. 19-CV-06399-LHK <br><br> **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** <br><br> Re: Dkt. No. 37 |

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") sued Defendant Enthusiast Gaming, Inc. ("Defendant") for copyright infringement. On December 8, 2020, the Court granted in part and denied in part Plaintiff's motion for default judgment. ECF No. 35. Before the Court is Plaintiff's motion for attorney's fees, ECF No. 37. Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiff's motion for attorney's fees.[1]

---

[1] Plaintiff's motion contains a notice of motion paginated separately from the points and authorities in support of the motion. ECF No. 37. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

1

Case No. 19-CV-06399-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

## I. BACKGROUND

### A. Factual Background

Plaintiff is a photography agency with its principal place of business in Santa Monica, California. ECF No. 1 ("Compl.") ¶ 7. Plaintiff owns the copyrights to photographs taken by Michael Grecco and licenses those photographs to third parties on his behalf. *Id.* ¶ 7. Plaintiff's business is to provide celebrity photographs to major media publications. *Id.* ¶ 13.

With respect to the instant case, Plaintiff is the owner and exclusive copyright holder of a promotional still photograph (the "Photograph") of actress Nana Visitor as Kira Nerys, a fictional character from the television show "Star Trek: Deep Space Nine." *Id.* ¶¶ 15–16. Plaintiff registered the Photograph in compliance with the Copyright Act and obtained a Certificate with Registration No. VA 1-736-729 (eff. July 7, 2010). *Id.* ¶ 16.

Defendant Enthusiast Gaming Inc. ("Defendant") is a Canadian-owned corporation doing business as Destructoid, headquartered in San Francisco, California. *Id.* ¶ 5. According to Plaintiff, Defendant uses celebrity images to drive internet traffic to its website to increase advertising revenue, and a large portion of Defendant's revenue increases with the number of visitors who click on its website and subsequently view featured third-party advertisements. *Id.* ¶¶ 14, 19–20.

Plaintiff alleges that Defendant used Plaintiff's Photograph on its website without license by "prominently featuring" the Photograph to promote articles and content to increase viewership. *Id.* ¶ 21. Specifically, Plaintiff alleges that Defendant published the Photograph on October 15, 2017 without any authorization or permission from Plaintiff. *Id.* ¶¶ 22–23. Plaintiff alleges that the Photograph was published on Defendant's website to accompany an article written by CJ Andriessen, Defendant's features editor. *Id.* Plaintiff states that Defendant continued to display the Photograph through the filing of this complaint and only took down the Photograph earlier this year. *Id.* ¶ 22; ECF No. 23 at 10. Plaintiff further alleges that Defendant did not pay a license fee, inquire about the availability of a license, or confirm whether the Photograph had been authorized for use on Defendant's website before, during, or after its publication of the Photograph. Compl. ¶

2

28.

**B. Procedural History**

On October 7, 2019, Plaintiff filed a complaint against Defendant that alleged two claims for copyright infringement and vicarious and/or contributory copyright infringement. Compl. ¶¶ 29–49. Plaintiff sought both injunctive relief and statutory damages. *Id.* ¶ 2.

On January 2, 2020, Plaintiff filed a case management statement noting that "Defendant was served with the summons and complaint, by substitute service, on November 11, 2019," but that Defendant had not "appeared, answered, or otherwise responded to the complaint, and plaintiff's counsel ha[d] not been contacted by any counsel purporting to represent [D]efendant." ECF No. 10. On January 3, 2020, the Court ordered Plaintiff to file proof of service. ECF No. 12. On January 3, 2020, Plaintiff filed a proof of service indicating that Plaintiff served Bill Doe, an "[e]mployee at Earth Class mail," in person on October 10, 2019 and by mail on October 14, 2019. ECF No. 13.

That same day, the Court ordered Plaintiff to file a statement that explained (1) why service on Bill Doe was proper, and (2) why Plaintiff previously stated that Defendant was served on November 11, 2019 when the proof of service stated that Defendant was served on October 10, 2019 and October 14, 2019. ECF No. 14. On January 5, 2020, Plaintiff filed a statement in response to the Court's order regarding service. ECF No. 15. Plaintiff addressed service of process under California Code of Civil Procedure Section 415.20(a) and explained that service of the summons and complaint did in fact occur on October 10, 2019 and October 14, 2019, as indicated by the filed proof of service. *Id.* at 1–2, 3–4.

On February 8, 2020, Plaintiff moved for entry of default against Defendant. ECF No. 18. On February 11, 2020, the Clerk entered default against Defendant. ECF No. 19. On April 7, 2020, Plaintiff filed a motion for default judgment. ECF No. 23.

On July 22, 2020, the Court denied Plaintiff's motion for default judgment without prejudice. ECF No. 30. The Court concluded that Plaintiff had not established that Defendant was properly served for three reasons. *Id*. at 8–11. First, Plaintiff had not satisfied the requirements for substitute service in California Code of Civil Procedure Section 415.20(a) because Plaintiff had not stated that prepaid postage was included in mailing the summons and complaint to Defendant. *Id.* at 8. Second, Plaintiff had not provided an affidavit of the person who served Defendant as required by California Code of Civil Procedure Section 417.10(a). *Id.* at 9. Finally, Plaintiff had not established that the summons included a notice as required by California Code of Civil Procedure Section 412.30. *Id.* at 9–10. The Court thus denied Plaintiff's motion for default judgment without prejudice. *Id.* at 11. The Court ordered Plaintiff to either (1) file a new motion for default judgment and declarations and affidavits demonstrating compliance with the California Code of Civil Procedure requirements or (2) propose a schedule for promptly serving Defendant. *Id.*

On August 18, 2020, Plaintiff filed a new motion for default judgment. ECF No. 31. On December 8, 2020, this Court granted in part and denied in part Plaintiff's renewed motion for default judgment. ECF No. 35. The Court found that the Court had jurisdiction and that Plaintiff had established that Defendant was properly served. *Id*. at 5–10. The Court further concluded that default judgment was proper as to Plaintiff's claim for copyright infringement. *Id*. at 10–15. The Court concluded that that default judgment was not proper as to Plaintiff's claim for vicarious and/or contributory copyright infringement because Plaintiff had not briefed that claim in Plaintiff's motion for default judgment. *Id*. at 11.

As to damages, the Court denied Plaintiff injunctive relief because the Court concluded that Plaintiff had not established that there was a continuing threat of infringing activity. *Id*. at 15–16. The Court then awarded Plaintiff $62,500 in statutory damages because the Court found willful infringement of Plaintiff's copyright. *Id*. at 16–18. Finally, as relevant here, the Court

4

Case No. 19-CV-06399-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

granted Plaintiff's request for costs but denied Plaintiff's request for attorney's fees because counsel had not provided billing records showing how many hours were spent on each task. *Id.* at 19. The Court ordered that, if Plaintiff wanted to file a renewed motion for attorney's fees, Plaintiff must file a new motion providing the information requested by the Court within 30 days of the Court's order. *Id.* at 19. On December 8, 2020, the Court entered judgment on Plaintiff's claim for copyright infringement in favor of Plaintiff and against Defendant in the amount of $62,500 in actual damages and $1,032.23 in costs. ECF No. 36.

On January 7, 2021, Plaintiff filed the instant motion for attorney's fees. ECF No. 37 ("Mot."). Plaintiff submitted a declaration by Peter Perkowski, counsel for Plaintiff, in support of Plaintiff's motion. *See* Perkowski Decl. Defendant has neither appeared in the instant case nor filed a response to the instant motion. On January 25, 2021, Plaintiff filed a reply stating that no opposition had been filed. ECF No. 38.

## II. LEGAL STANDARD

The Copyright Act permits a court to award full costs and reasonable attorney's fees to a prevailing party. 17 U.S.C. § 505. In determining reasonable attorney's fees in trademark and copyright infringement cases, courts within the Ninth Circuit have employed the lodestar method. *See, e.g.*, *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (trademark); *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1104 (N.D. Cal. 2003) (copyright); *Autodesk, Inc. v. Flores*, 2011 WL 1884694, at *1–*2 (N.D. Cal. May 18, 2011) (copyright). "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp.*, 6 F.3d at 622. "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

## III. DISCUSSION

The Copyright Act permits the Court to award reasonable attorney's fees to a prevailing party. 17 U.S.C. § 505. A prevailing party is "[a] party in whose favor a judgment is rendered." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quotation omitted). In the instant case, Plaintiff prevailed on Plaintiff's claim for copyright infringement because the Court entered judgment in favor of Plaintiff on this claim. *See* ECF No. 36. Accordingly, the Court may award reasonable attorney's fees to Plaintiff.

The Court uses the lodestar method to calculate reasonable attorney's fees in copyright infringement cases, such as the instant case. *Intel Corp.*, 6 F.3d at 622. To determine the lodestar figure, the Court multiplies the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Id.* Accordingly, the Court addresses in turn: (1) the reasonable hourly rate and (2) the number of hours reasonably expended on the litigation.

As to the reasonable hourly rate, the party seeking fees bears the burden of demonstrating that the rates requested are "in line with those prevailing in the community for similar services." *Intel Corp.*, 6 F.3d at 622 (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987)). Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

In the instant case, Plaintiff seeks to recover fees incurred by attorney Peter Perkowski at a rate of $500 per hour. Plaintiff has submitted a declaration by Perkowski describing Perkowski's experience and qualifications and the services Perkowski provided in the instant case. *See* Perkowski Decl. Based on this information, the rate requested is reasonable. Perkowski has been a practicing attorney for 22 years, and a significant portion of Perkowski's practice focuses on intellectual property matters, including copyright litigation. Perkowski Decl. ¶ 3. Before Perkowski started his own practice in 2015, Perkowski was a partner for 7 years at Winston & Strawn LLP, where Perkowski's billing rate was over $900 per hour, almost double the rate requested for Perkowski's work on the instant case. *Id.* ¶¶ 3–4. Furthermore, the rate requested is

6
Case No. 19-CV-06399-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

commensurate with the rates of attorneys with similar experience and qualifications to those of Perkowski. *Id*. ¶ 5. Accordingly, the Court concludes that the rate requested is reasonable.

As to the number of hours reasonably expended, Perkowski's declaration states that Perkowski expended 35.35 hours working on the instant case. Perkowski Decl. Exh. A. Furthermore, Perkowski's declaration includes a detailed breakdown of the hours billed and the services provided. The services provided consist primarily of: (1) factual investigation and preparation of the Complaint, which took 4 hours; (2) preparation of the request to enter default and the motion for default judgment, which took 20.25 hours; and (3) preparation of the motion for attorney's fees, which took 4.6 hours. *Id*.

The Court agrees that the hours requested appear reasonable and necessary. Indeed, most of the hours requested involved drafting the complaint and a motion for default judgment, both of which were necessary to resolve the instant case. Moreover, the time counsel spent drafting the complaint and the motion for default judgment was reasonable. Although counsel prepared two motions for default judgment, the second motion built on the first and therefore did not involve duplication of work. Furthermore, the total of 20.25 hours that was required to prepare a motion for default judgment is reasonable. Thus, the Court concludes that the hours requested appear reasonable.

Multiplying the reasonable hourly fee ($500 per hour) by the number of hours reasonably expended (35.35), the lodestar figure is $17,675. Because the hourly fee and the number of hours expended are reasonable, the Court concludes that the lodestar figure is reasonable. The Court thus GRANTS Plaintiff's motion for attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for attorney's fees in the amount of $17,675.

**IT IS SO ORDERED.**

7
Case No. 19-CV-06399-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

Dated: May 18, 2021

_____
LUCY H. KOH
United States District Judge